**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>     **Plaintiff,**<br><br>    **v.**<br><br>**JOSEPH ANDREW PAUL,**<br>**JOHN D. ELLIS, JR.,**<br>**JAMES S. QUAY,**<br> **a/k/a "STEPHEN JAMESON," and**<br>**DONALD H. ELLISON,**<br><br>     **Defendants.** | Civil Action No. 16-1326 (CMR) |

**<u>PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
SIXTH STATUS REPORT AND MOTION TO LIFT STAY</u>**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits its Sixth Status Report and Motion to Lift Stay. The remaining defendants in this action, Joseph Paul ("Paul") and James Quay ("Quay"), have been sentenced in a parallel criminal case. They have not however agreed to resolve the Commission's claims against them. Accordingly, the Commission respectfully requests that the Court lift the stay of this matter and enter a Scheduling Order authorizing the filing of dispositive motions.

**I.  <u>Relevant Procedural History and Case Developments</u>**

On April 1, 2016, the Commission filed a Complaint alleging that Paul, John Ellis ("Ellis"), Quay, and Donald Ellison ("Ellison") orchestrated a fraudulent investment scheme in violation of the federal securities laws, including Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5, thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]. (Dkt. No. 1).  On July 19, 2017, the Clerk of Court unimpounded an indictment charging Paul, Ellis, and Quay with crimes stemming from the conduct described in the Complaint.  *See United States v. Ellis, et al.*, 2:17-cr-371 (JHS) (the "Criminal Case").  On September 28, 2017, the Court stayed this case as to Paul, Ellis, and Quay pending resolution of the Criminal Case, or until further order of the Court.  (Dkt. No. 30).  The Court has since entered final judgment as to Ellison (Dkt. No. 32) and Ellis (Dkt. No. 40).  The stay remains in effect as to Paul and Quay.

In the Criminal Case, Paul pleaded guilty to three counts of securities fraud on December 17, 2018.  On June 23, 2021, Paul was sentenced to 34 months of imprisonment and five years of supervised release, and ordered to pay $1,511,931 in restitution.  (Crim. Dkt. No. 194).  On June 14, 2019, Quay pleaded guilty to two counts of securities fraud.  (Crim. Dkt. No. 122).  Quay was sentenced on February 26, 2020 (Crim. Dkt. No. 151) and the Third Circuit affirmed his conviction and sentence.  Quay's subsequent motion to vacate his sentence under 28 U.S.C. § 2255 was denied on October 25, 2021.  (Crim. Dkt. No. 218).

Since the filing of the Commission's last status report, on March 31, 2022, the Commission mailed Paul an offer of settlement.  Paul has not responded.  Meanwhile, the Court has scheduled a sentencing hearing for the final defendant in the Criminal Case, John Dee Ellis, Jr, for August 24, 2022.  (Crim. Dkt. No. 225).

II.    **Motion to Lift Stay**

The Court stayed this case on the motion of the United States pending resolution of the Criminal Case.  With the Criminal Case fully resolved as to Paul and Quay, the circumstances justifying a stay no longer exist.  *See, e.g.*, *S.E.C. v. Blackwell*, Civ. A. No. 03-63, 2006 WL

8445724, at *3 (S.D. Ohio Feb. 22, 2006) (granting Commission's motion to lift stay in anticipation of summary judgment motion following defendants' convictions in parallel criminal action). The parties' inability to reach a settlement also weighs in favor of lifting the stay to allow the case to proceed.

The Commission therefore respectfully requests that the Court lift the stay and enter the Commission's proposed Scheduling Order. Consistent with the Court's policies and procedures, the Commission further requests that the Court set a dispositive motion deadline for a date 30 days after the stay is dissolved. This period between the lifting of the stay and the motion deadline will afford the parties an opportunity to meet and confer, at the Court's procedures require, regarding stipulations of fact. A copy of the Commission's Proposed Statement of Stipulated Material Facts is attached, and will be served on Paul and Quay together with this Status Report and the Commission's proposed Scheduling Order.

## III.    Conclusion

The Commission respectfully requests that the Court lift the stay and enter the Commission's proposed Scheduling Order.

Dated: June 29, 2022                              Respectfully submitted,

<div style="margin-left: 40%;">

s/ Spencer Willig
Karen M. Klotz
Spencer Willig (NY Bar No. 4897443)
U.S. Securities and Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Phone: (215) 597-3100
Fax: (215) 597-2740

</div>