IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>                        **Plaintiff,**<br><br>                        v.<br><br>JOSEPH ANDREW PAUL,<br>JOHN D. ELLIS, JR.,<br>JAMES S. QUAY,<br>   a/k/a "STEPHEN JAMESON," and<br>DONALD H. ELLISON<br><br>                        **Defendants.** | **Civil Action No. 16-1326** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                           **March 17, 2023**

Plaintiff Securities and Exchange Commission has filed a Motion for Summary Judgment against the remaining Defendants in the case, Joseph Andrew Paul and James S. Quay, who have not opposed the Motion.[1] For the reasons set forth below, the Motion will be granted.

### I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment on a claim or part of a claim is warranted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," there is a "genuine" dispute over material facts.[3]

---

[1] The Court earlier entered final judgment by consent against Defendants Donald H. Ellison [Doc. No. 32] and John D. Ellis, Jr. [Doc. No. 40].

[2] Fed. R. Civ. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court "must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor."[4] It is improper for a court to "weigh the evidence or make credibility determinations" as "these tasks are left to the fact-finder."[5] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[6] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[7] If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[8]

## II.  DISCUSSION

Paul and Quay pleaded guilty to securities fraud before the Honorable Joel H. Slomsky.[9] The civil action was stayed until the criminal action was resolved.  There is no dispute that the criminal case covered the same conduct during the same time frame at issue in this civil action, concerning fraudulent schemes to manipulate securities by inducing investors to invest with Paul Ellis Investment Associates, LLC through the use of fraudulent offering and marketing materials. "Under the doctrine of collateral estoppel, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'"[10] The Third Circuit has held that "a conviction for criminal tax evasion conclusively establishes the defendant's civil

---

[4] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[5] *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citations omitted).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[8] *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[9] *United States v. Paul*, Criminal Action No. 17-371 (E.D. Pa.).

[10] *Anderson v. Comm'n of Internal Revenue*, 698 F.3d 160, 164 (3d Cir. 2012) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

liability for tax fraud for the same year."[11] Collateral estoppel also applies in the securities context, where "both the civil and criminal actions stem from the same statutory provision [and] the elements the SEC must allege in the instant action are the same as those alleged by the government in the criminal action, the only difference being the burden of proof necessary to establish liability."[12] In addition, "[t]he elements necessary to establish civil liability under Sections 17(a) and 10(b) are identical to those necessary to establish criminal liability under Section 10(b)."[13] Paul and Quay pleaded guilty to violations of Section 10(b) and Rule 10b-5, and therefore civil liability under Section 17(a), Section 10(b), and Rule 10b-5 has been established.[14] The undisputed facts also establish that Paul and Quay were acting as investment advisers for purposes of Sections 206(1) and 206(2) of the Advisers Act, and summary judgment will be granted as to these claims.[15]

Plaintiff also seeks a permanent injunction enjoining Defendants from violating the securities laws in the future.

> To determine whether an injunction should issue in a securities case, a Court must consider "whether there is a reasonable likelihood that the defendant, if not enjoined, will again engage in the illegal conduct." In determining whether injunctive relief is warranted, the Third Circuit has articulated five factors: (1) the degree of scienter involved; (2) the isolated or repeated nature of the violations;

---

[11] *Id.* (citations omitted).

[12] *Sec. & Exch. Comm'n v. Mattera*, No. 11-8323, 2013 WL 6485949, at *8 (S.D.N.Y. Dec. 9, 2013). Of course, the burden of proof is higher in a criminal case.

[13] *Sec. & Exch. Comm'n v. Genovese*, 553 F. Supp. 3d 24, 41 (S.D.N.Y. 2021) (internal quotation marks, citation, and alteration omitted).

[14] Quay and Paul also pleaded guilty to violating 18 U.S.C. § 1348, which has as its elements that the "defendant knowingly devised (or willfully participated in) a scheme or artifice to defraud," "that the defendant had fraudulent intent," and "that the scheme or artifice to defraud was in connection with a security of a certain issuer or with certain filing requirements." *United States v. Ramsey*, 565 F. Supp. 3d 641, 643 (E.D. Pa. 2021) (internal quotation marks and citations omitted).

[15] 15 U.S.C. §§ 80b-6(1) and 80b-6(2). The Court will also grant summary judgment as to the claims under Sections 206(4) and 206(4)-(1)(a)(5) against Paul for engaging in a fraudulent, deceptive or manipulative practice as an investment adviser. *See Sec. & Exch. Comm'n v. Berger*, 244 F. Supp. 2d 190, 192 (S.D.N.Y. 2001) (citation omitted) (holding that "facts showing a violation of Sections 10(b) or 17(a) by an investment advisor will also support a showing of a Section 206 violation.").

(3) the defendant's recognition of the wrongful nature of the conduct; (4) the sincerity of the defendant's assurances, if any, against future violations; and (5) the likelihood that the defendant's occupation will present opportunities for future violations. The purpose of injunctive relief is to protect the investing public and deter future infractions of the securities laws.[16]

Here, Defendants engaged in a sophisticated scheme over an extended period of time, and although Defendants pleaded guilty to the charged conduct, which evidences some degree of recognition of its wrongfulness, Defendants have not opposed the Motion for Summary Judgment to offer any basis for the Court to conclude that similar violations of the securities laws would not occur in the future in the absence of an injunction or that the Defendants would not have the opportunity to engage in such conduct.

Finally, Plaintiff has shown that disgorgement is proper. Courts may order disgorgement of gains wrongly gotten through violations of the Advisers Act.[17] The disgorgement remedy serves two purposes: "to deprive a wrongdoer of his unjust enrichment and to deter others from violating securities laws."[18] The amount must be "causally related to the wrongdoing."[19] Through the declaration of Jacquelyn King, Plaintiff has established the amount subject to disgorgement, which Defendants have not challenged and which is structured to take into account the restitution ordered in the criminal case to avoid any duplicative assessment upon Defendants.[20] The Court also determines that an award of prejudgment interest is appropriate.[21]

---

[16] *Sec. & Exch. Comm'n v. Desai*, 145 F. Supp. 3d 329, 337 (D.N.J. 2015), *aff'd*, 672 F. App'x 201 (3d Cir. 2016) (quoting *Sec. & Exch. Comm'n v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980)).

[17] 15 U.S.C. § 78u(d)(7).

[18] *Sec. & Exch. Comm'n v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3d Cir. 1997) (quoting *Sec. & Exch. Comm'n v. First City Fin. Corp.*, 890 F.2d 1215, 1230 (D.C. Cir. 1989)).

[19] *Sec. & Exch. Comm'n v. Teo*, 746 F.3d 90, 05 (3d Cir. 2014) (quoting *First City Fin. Corp.*, 890 F.2d at 1231).

[20] Pl.'s Mot. Summ. J. Ex. 7 [Doc. No. 51-8].

[21] *Sec. & Exch. Comm'n v. McDermott*, No. 19-4229, 2022 WL 16533556, at *10 (E.D. Pa. Oct. 28, 2022).

### III.  CONCLUSION

As final judgments of criminal conviction and sentence have been imposed upon Defendants Paul and Quay, "the Court concludes that the Defendant[s'] criminal conviction[s] for the same conduct alleged in the Civil Complaint, requires the Court, under the doctrine of collateral estoppel, to grant the Motion for Summary Judgment with prejudice."[22]

A judgment order will be entered.

---

[22] *Sec. & Exch. Comm'n v. Georgiou*, No. 09-616, 2023 WL 2351692, at * 2 (E.D. Pa. Mar. 2, 2023) (citing *Anderson*, 698 F.3d at 164)).