IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ANDREW PAUL, <br> JOHN D. ELLIS, JR., <br> JAMES S. QUAY, <br>   a/k/a "STEPHEN JAMESON," and <br> DONALD H. ELLISON, <br><br> Defendants. | CIVIL ACTION NO. 16-1326 |

## ORDER

**AND NOW**, this 28th day of March 2023, upon consideration of Plaintiff Securities and Exchange Commission's Motion to Correct Judgment [Doc. No. 54], and pursuant to Federal Rule of Civil Procedure 60(a), it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
CYNTHIA M. RUFE, J.

---

[1] "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In this case, the Court's Memorandum Opinion [Doc. No. 52] granting Plaintiff's Motion for Summary Judgment correctly cited Advisers Act Rule 206(4)-1(a)(5). *See* [Doc. No. 53] at 3 n.15. However, the Order and Final Judgment cited to Advisers Act Rule 206(4)-8 by mistake. Correcting this clerical error will not cause prejudice, will avoid confusion, and will conform to the Court's ruling and to the claims brought by Plaintiff. The Court therefore grants the motion and will enter a corrected final judgment.