IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

                v.

JOSEPH ANDREW PAUL,
JOHN D. ELLIS, JR.,
JAMES S. QUAY,
  a/k/a "STEPHEN JAMESON," and
DONALD H. ELLISON,

                    Defendants.

CIVIL ACTION NO. 16-1326

**CORRECTED ORDER AND FINAL JUDGMENT AS TO
DEFENDANTS JOSEPH ANDREW PAUL AND JAMES QUAY**

**AND NOW**, this 28th day of March 2023, upon consideration of Plaintiff Securities and Exchange Commission's Motion for Summary Judgment against Defendants Joseph Andrew Paul and James Quay, to which no opposition has been filed, and the Statement of Undisputed and Material Facts and Memorandum of Law in support thereof, and for the reasons stated in the Court's Memorandum Opinion of March 17, 2023 [Doc. No. 52] it is hereby **ORDERED** that Plaintiff's Motion [Doc. No. 51] is **GRANTED** as set forth herein.

**I.**

**IT IS FURTHER ORDERED** that Defendants Joseph Andrew Paul and James Quay are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act")[1] and Rule 10b-5 promulgated thereunder,[2] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED** that Defendants Joseph Andrew Paul and James Quay, LLC are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act")[3] in the offer or sale of any security by the use of any means or

---

[1] 15 U.S.C. § 78j(b).

[2] 17 C.F.R. § 240.10b-5.

[3] 15 U.S.C. § 77q(a).

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Joseph Andrew Paul and James Quay are permanently restrained and enjoined from violating Section 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act")[4] while acting as an investment adviser, by use of the mails, or any means or instrumentality of interstate commerce, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

---

[4] 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

  (b)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Joseph Andrew Paul is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act[5] and Rule 206(4)-1(a)(5) thereunder[6] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including, while acting as an investment adviser to a pooled investment vehicle, making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

---

[5] 15 U.S.C. § 80b-6(4).

[6] 17 C.F.R. § 275.206(4)-1(a)(5).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Paul's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Paul or with anyone described in (a).

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Paul is liable for disgorgement of $1,169,804, of which $1,153,504 is joint and several with Quay, together with prejudgment interest thereon in the amount of $142,013, for a total of $1,311,817.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Paul's disgorgement and prejudgment interest obligation of $1,311,817 is **DEEMED SATISFIED** by the order of restitution entered in the parallel criminal case, *United States v. Paul*[7] (the "Criminal Action").

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Quay is liable for disgorgement of $1,153,504, jointly and severally with Paul, together with prejudgment interest of $140,034, for a total of $1,293,538.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that $1,253,239 of Defendant Quay's disgorgement and prejudgment interest obligation is **OFFSET** by the Court's order of restitution in the Criminal Action, for a remaining balance due on the judgment of $40,299.

---

[7] Criminal Action No. 17-CR-371 (E.D. Pa.).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Judgment is **ENTERED** in favor of Plaintiff and against Defendants, and the Clerk shall **CLOSE** this case.[8]

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[8] The Court earlier entered final judgment by consent against Defendants Donald H. Ellison [Doc. No. 32] and John D. Ellis, Jr. [Doc. No. 40]. The claims against all Defendants therefore have been adjudicated.